IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**CHRISTOPHER D. KING, SR.,**

    **Plaintiff,**

vs.                                                                    No.: 2:17-cv-2921-SHM-cgc

**GENERAL MOTORS CORPORATION**

    **Defendant.**

---

### REPORT AND RECOMMENDATION

---

Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. This matter was initiated by the Plaintiff, Christopher D. King, Sr., on December 20, 2017 against the Defendant, General Motors Corporation. (D.E. # 1). On that same date, Plaintiff filed a motion for leave to proceed *in forma pauperis* (D.E. # 2) which was denied on December 27, 2017 (D.E. # 7). Plaintiff was ordered to pay the filing fee within thirty days of the date of the entry of the order. *Id.* The filing fee was paid on January 22, 2018. (D.E. # 8). Blank summonses were mailed to Plaintiff on that same day. To date, no summonses have been returned executed on Defendant. An Order to Show Cause was entered on May 3, 2018 requesting Plaintiff to show cause as to why it should not be recommended to the District Court that this cause be dismissed without prejudice for failure to serve the defendant. (D.E. # 9) Plaintiff has not responded to the Order to Show Cause.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

that service be made within a specified time." Fed. R. Civ. P. 4(m).  Plaintiff has had 191 days to obtain service of the complaint and summons on the defendant since he received the summonses on January 22, 2018.  The docket does not indicate that Plaintiff has served the defendant.

Absent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. 4(j) compels dismissal.  *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), citing *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991); *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986).  Plaintiff bears the burden to establish good cause.  Fed.R.Civ.P. 4(j); *Friedman v. Estate of Presser,* 929 F.2d at 1157.  Good cause necessitates a demonstration of why service was not made within the time constraints of Fed.R.Civ.P. 4(j). *Moncrief v. Stone,* 961 F.2d at 597, *quoting, Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985).  Plaintiff has been afforded an opportunity show cause why service was not made within the time required by the rules and he has made none.

Therefore, it is recommended that plaintiff's complaint be dismissed without prejudice for failure to obtain timely service.

Signed this 1st day of August, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. §636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**